IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRANDON HALL | ) | |
| | ) | |
| v. | ) | NO. 3:13-1072 |
| | ) | |
| DONELSON BUILDING OWNERS, LLC. | ) | |

TO: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered August 1, 2014 (Docket Entry No. 45), the Defendant's Motion to Dismiss (Docket Entry No. 42) was referred to the Magistrate Judge for a Report and Recommendation. For the reasons set out below, the Court recommends that the motion be denied.

## I. BACKGROUND

The Plaintiff is a paraplegic who relies on a wheelchair to ambulate. On October 1, 2013, he brought this action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 et seq. ("ADA"), alleging that he is a qualified individual with a disability under the ADA and seeking the removal of alleged architectural barriers at a place of public accommodation owned and operated by Donelson Building Owners, Inc. ("Donelson"). The place of public accommodation in question is a strip mall/shopping plaza located at 2710 and 2720 Old Lebanon Pike, Nashville, TN ("the Donelson Plaza"). The Donelson Plaza actually consists of two buildings separated by a public roadway that are leased to several different tenants. At the time the Complaint was filed, the building at 2710 Old Lebanon Pike was leased to Strike and Spare,

Family Fun Center, Horner Rausch, Erica's Tailoring, Reed's Barbour, Rick's Comics, East Gate, Southern Thrift, Deals, and Salon Professional Academy and the building at 2720 Old Lebanon Pike was leased to S&S Framing and Gifts, GNC, Hairs to you Salon, Golden Nails, My Greek Deli, Running for Cover, Fabulous Fred, and Titan Tattoos. See Complaint (Docket Entry No. 1), at ¶ 11.

The Plaintiff alleges that he encountered the following barriers to access in violation of the ADA and its implementing regulations:

(1) no accessible route connecting the two buildings;

(2) a protruding curb ramp into the access aisle, which was not wide enough, in front of Suite 116;

(3) no signage at the accessible parking space in front of Fabulous Fred, an access aisle that was too narrow and a curb ramp that was very steep and dangerous;

(4) an access aisle in front of S&S Framing that was too narrow, a parking space that was too narrow and had a steep running slope, and a curb ramp that protruded into the access aisle that was too steep and very dangerous;

(5) no signage at the accessible parking spaces directly across from Ace Hardware,[1] badly faded access aisles and an access aisle that was not wide enough;

(6) access aisles that were too narrow and cross slopes that were too steep at the parking spaces across from Erica's Tailoring;

(7) a sidewalk between Bartending School[2] and the Salon Professional Academy that rose such that it was a ramp with no handrails provided on either side;

(8) a built up curb ramp with flared sides that was too steep and required people to empty into the vehicular way in front of the Salon Professional Academy;

(9) accessible parking spaces with very steep cross slopes and a grate in the parking space access aisle across from Reed's Barbour;

---

[1] The Plaintiff does not list Ace Hardware as a tenant of either the building at 2710 Old Lebanon Pike or the building at 2720 Old Lebanon Pike.

[2] The Plaintiff does not list the Bartending School as a tenant of either the building at 2710 Old Lebanon Pike or the building at 2720 Old Lebanon Pike.

(10) severe cross slopes and a grate in the access aisle across from Southern Thrift;

(11) built up curb ramp with steep sides in front of Southern Thrift;

(12) a sidewalk that becomes a ramp with no handrails from Southern Thrift to Deals;

(13) three curb ramps with steep flared sides at Deals; and

(14) grates in the access aisles, no signage and no van accessible parking spaces throughout the parking lots for both buildings.

Id. The Plaintiff also makes a general allegation that other current barriers to access exist at the Donelson Plaza but that these barriers cannot be specifically identified without an inspection of the Donelson Plaza. Id. at ¶ 12.

## II. THE DEFENDANT'S MOTION TO DISMISS

The Defendant seeks dismissal under Rule 12(b)(1), arguing that the Complaint should be dismissed for lack of subject matter jurisdiction. The Defendant asserts that it has voluntarily self-corrected and removed all readily achievable alleged barriers identified by the Plaintiff in the Complaint by installing new curb ramps and new signage, moving all handicapped parking areas away from grates, repainting the parking lot to make the handicapped parking spaces more visible and widening and restriping the access aisles. In light of these corrections, the Defendant contends that there is no violation or credible threat of future violation of the ADA and the Plaintiff has already received everything to which he would be entitled, i.e., the challenged conditions have been removed and there is nothing for this Court to remedy. Therefore, the Defendant argues that the Plaintiff's claim is now moot because there is no case or controversy supporting subject matter jurisdiction. In support of its motion, the Defendant relies upon the Declarations and exhibits attached thereto of

Doug Brewer (Docket Entry No. 44-1 and 44-2) and Troy Lewellen (Docket Entry No. 44-3).

In response, the Plaintiff argues that: 1) the Defendant's motion is premature until the Plaintiff has had the opportunity to have his expert conduct a Rule 34 Inspection of the Donelson Plaza to ascertain whether the barriers to access have been fully removed; and 2) the Declarations and attached exhibits of Troy Lewellen and Doug Brewer should not be considered by the Court. Alternatively, the Plaintiff argues that, even if the declarations and exhibits are considered, the Defendant's evidence is insufficient to support the dismissal of this action and that factual disputes remain as to the sufficiency of the "self-corrections," whether all violations and barriers have been removed, and whether other barriers not specifically identified in the Complaint remain at the Donelson Plaza. Specifically, the Plaintiff asserts that factual issues remain about whether some of the re-poured curb ramps project into the vehicular way, whether the slope ratios of the re-poured curb ramps comply with the ADA, whether there are a sufficient number of van accessible parking spaces, whether the restrooms referred to in the Brewer declaration comply with the ADA, whether the cross slopes of several of the accessible parking spaces are too steep, and whether handrails are required on a sidewalk which the Plaintiff contends has become a ramp. In support of his response, the Plaintiff relies upon the Affidavit of Kirk Tcherneshoff (Docket Entry No. 46-1), his ADA expert who examined the Defendant's supporting declarations and photographic exhibits.

The Defendant has filed a reply asserting that the response filed by the Plaintiff should not be considered because it is untimely.[3] The Defendant further argues that the Plaintiff has offered no credible evidence to show that the well-pled barriers alleged in the Complaint have not been removed.

---

[3] The Plaintiff's response was timely filed inasmuch as it was filed within the 31 day time period provided by Orders entered December 9, 2013 (Docket Entry Nos. 9-10).

## III. MOTION TO DISMISS UNDER RULE 12(B)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Defendant may raise as a defense the lack of subject matter jurisdiction. Such a defense "can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." Cartwright v. Garner, 2014 WL 1978242, *6 (6th Cir. May 16, 2014) (citing United States v. Ritchie, 15 F.3d 592, 598 (6th Cir.1994)). Where, as here, the Defendant raises a factual attack that "challenges the factual existence of subject matter jurisdiction ... a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." Id. "When the defendant challenges the existence of subject-matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists." Lewis v. Whirlpool Corp., 630 F.3d 484, 487 (6th Cir. 2011).

## IV. ANALYSIS

The Defendant's motion raises a substantial issue. Article III of the United States Constitution mandates that the Court has jurisdiction to hear only actual, ongoing cases or controversies between the parties which can be remedied by the Court. See Lewis v. Continental Bank Corp., 494 U.S. 472, 478 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). It is not surprising that the Defendant's motion followed on the heels of its efforts at remedying the barriers alleged in the Complaint.

However, at the time the motion to dismiss was filed there was before the Court a contested motion filed by the Plaintiff to enlarge inspection of the premises under Rule 34 of the Federal Rules of Civil Procedure. See Docket Entry No. 17. Although framed as a discovery motion related to the scope of inspection at the Donelson Plaza, the crux of the dispute involved the larger issue of whether the claims in this action are limited to only the 14 ADA violations specifically alleged in the Complaint or whether the Plaintiff has standing to pursue possible ADA violations related to his particular disability that may exist in the Donelson Plaza but which are not alleged in his Complaint. In a contemporaneously entered Order, the Court has adopted the latter of these two positions and found that the Plaintiff has standing to pursue additional claims in this action that may be uncovered during inspection of the Donelson Plaza. Accordingly, the Court has granted the Plaintiff's motion to enlarge inspection.

Given the Court's ruling on the motion to enlarge inspection of the premises and on the issue of standing, the case or controversy between the parties remains live and this action is not mooted by the Defendant's asserted remediation of the barriers alleged in the Complaint. If additional ADA barriers are uncovered, injunctive relief would still be available and within the Court's jurisdiction to provide and the action would not be mooted. See Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir. 1986). Furthermore, the parties' evidence regarding the completeness and adequacy of the remedial efforts undertaken by the Defendant presents a factual issue and one that was presented in a somewhat incomplete manner because the question of the inspection of the premises had not been resolved and no such inspection had occurred at the time the motion to dismiss had been filed. Given that the Court has now permitted a Rule 34 inspection of the Donelson Plaza, the factual issue of whether the remedial efforts taken by the Defendant have cured the 14 barriers alleged in the Complaint is better

addressed after the inspection has been conducted and with more complete facts than has been presented by the parties with respect to the motion to dismiss.

## RECOMMENDATION

Based on the foregoing, the Court recommends that the Defendant's Motion to Dismiss (Docket Entry No. 42) be DENIED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge