IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRANDON HALL )
 )
   v. ) NO. 3:13-1072
 )
DONELSON BUILDING OWNERS, LLC. )


TO:    Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered April 20, 2015 (Docket Entry No. 69), the issue of attorney's fees and costs in this action was referred to the Magistrate Judge. For the reasons set out below, the Court recommends that Plaintiff's motion for attorney's fees, costs, and expenses (Docket Entry No. 72) be denied.

## I. BACKGROUND

Plaintiff is a paraplegic who relies on a wheelchair to ambulate. On October 1, 2013, he brought this action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 et seq. ("ADA"), seeking the removal of alleged architectural barriers at the Donelson Plaza, a place of public accommodation owned and operated by Donelson Building Owners, Inc. ("Donelson"). In his Complaint, Plaintiff alleged that he had encountered 14 specifically identified barriers to access that allegedly violated the ADA and its implementing regulations while visiting the Donelson Plaza and he also alleged that other barriers to access existed

at the premises but that these barriers could not be specifically identified without a future inspection. *See* Complaint (Docket Entry No. 1) at ¶¶ 11-12.

Defendant filed an answer (Docket Entry No. 12), and the parties subsequently engaged in litigating the case. Plaintiff's motion to strike portions of Defendant's answer pursuant to Rule 12(f) of the Federal Rules of Civil Procedure was granted in part and denied in part. *See* Order entered September 12, 2014 (Docket Entry No. 49). Plaintiff's motion to enlarge a Rule 34 inspection of the Donelson Plaza, which was opposed by Defendant, was also granted, and Plaintiff was permitted to engage in an inspection of the Donelson Plaza for barriers that went beyond an inspection of only those barriers specifically alleged in his complaint. *See* Order entered September 23, 2014 (Docket Entry No. 52). Defendant's motion to dismiss for lack of subject matter jurisdiction because it had voluntarily self-corrected the barriers alleged in the Complaint was denied, in part, because of the possible expansion of Plaintiff's ADA claims based on additional barriers that might be uncovered during the Rule 34 inspection. *See* Report and Recommendation entered September 23, 2014 (Docket Entry No. 53), and Order entered October 15, 2014 (Docket Entry No. 54). Plaintiff then subsequently filed a motion for partial summary judgment as to Defendant's liability under the ADA that was based upon the Rule 34 inspection and subsequent report of Plaintiff's expert, who concluded that various barriers continued to exist at the Donelson Plaza but that the barriers could be remedied. *See* Docket Entry Nos. 58 and 59.

Prior to a resolution of Plaintiff's motion for partial summary judgment and prior to the bench trial that was scheduled in the action, the parties filed a joint stipulation of dismissal of the action on April 20, 2015, stating that:

> [t]he parties jointly apprise the Court that this matter has been resolved. Pursuant to Fed. R. Civ. P. 41, the parties are in agreement that this matter be dismissed with prejudice, but only after a hearing on the issue of attorneys' fees and costs to be submitted to the Court. The parties request a telephone conference with the Court for setting a briefing schedule and fees hearing.

*See* Docket Entry No. 68.

Plaintiff thereafter filed the pending motion for an award of attorney's fees, costs, and expenses in the amount of $45,560.00. Plaintiff asserts that he is the prevailing party in this litigation and is, thus, entitled to recover reasonable attorney's fees under 42 U.S.C. § 12205. Plaintiff argues that he should be found to be the prevailing party because the legal relationship between the parties was materially altered as evidenced by a settlement agreement entered into by the parties, *see* Docket Entry No. 75, in which (i) Defendant agreed to take specific steps to remedy certain ADA violations at the Donelson Plaza, (ii) the parties reserved the ability to seek injunctive relief if the terms of the settlement agreement were not followed, and (iii) the parties specifically conditioned the dismissal of the action upon the Court's further determination of the issue of attorneys' fees, costs, and expenses. *See* Memorandum in Support (Docket Entry No. 74) at 3-4. In support of his assertion of the reasonableness of the requested award, Plaintiff submits the declaration of his attorney, Richard D. Philiponis. *See* Docket Entry No. 76.

Defendant disputes that Plaintiff is entitled to a prevailing party status that would entitled him to recover attorney's fees. Defendant argues that it has never admitted its liability under the ADA, any remediation it undertook was the result of a non-judicial alteration of circumstances on its part, and there is nothing contained in the settlement agreement that would support a conclusion that the agreement is anything other than a private, non-judicial resolution of the matter, which Defendant argues does not require a finding that Plaintiff is the prevailing party. Defendant also disputes the

3

reasonableness of the award amount sought by Plaintiff. *See* Response in Opposition (Docket Entry No. 77).

## II. ANALYSIS

There is no common law right to attorney's fees. *McQueary v. Conway*, 614 F.3d 501, 596-97 (6th Cir. 2010). Under the "American Rule," the general practice is not to award fees to prevailing parties absent explicit statutory authority. *Id*. Such statutory authority exists in the ADA, which provides that "[i]n any action ... commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party ... a reasonable attorney's fee." 42 U.S.C. § 12205.

To be the prevailing party, Plaintiff must have obtained a material change in the legal relationship between himself and Defendant. *McQueary*, 614 F.3d at 598. A "material change" is one that directly benefits Plaintiff by modifying Defendant's behavior toward him. *Id*. The question of whether a plaintiff is the prevailing party is easily resolved if the plaintiff has obtained a judgment or order in his favor, either from the court or from a jury, because this provides a clear indication that a material alteration of the legal relationship between the parties has occurred. In the instant case, however, Plaintiff has obtained no such thing, and his claims against Defendant have been resolved through a private settlement agreement between the parties that culminated in the filing of a joint stipulation of dismissal with prejudice under Rule 41 of the Federal Rules of Civil Procedure.

In such a situation, the Court finds that the Supreme Court's decision in *Buckhannon Board and Care Home v. West Va. Dept. of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), applies. In *Buckhannon*, the Supreme Court found that the "material change" necessary to support a finding that a party was the prevailing party must occur as the result

of a "court-ordered" or "judicially sanctioned" change in the legal relationship between the parties, such as an enforceable judgment on the merits or a consent decree. 532 U.S. at 604-05.[1] In reaching its decision, the Supreme Court specifically rejected the "catalyst theory" under which a plaintiff may be found to be the prevailing party because his lawsuit brought about a voluntary change of conduct on the part of the defendant and the plaintiff effectively achieved his desired result even though he had not obtained any type of judgment or order in his favor requiring the changed conduct. *Id*. at 605 and 610. *See Chambers v. Ohio Dep't of Human Servs.*, 273 F.3d 690, 693 (6th Cir. 2001) (acknowledging that *Buckhannon* overruled the Sixth Circuit line of cases that had applied the "catalyst theory."). As recently stated by the Sixth Circuit:

> To be a prevailing party, a plaintiff must have done more than bring a lawsuit that achieved the desired result of catalyzing a voluntary change in the defendant's conduct. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res.*, 532 U.S. 598, 601, 605 (2001). Rather, the plaintiff must have "been awarded some relief by the court," resulting in the plaintiff receiving a "judicially sanctioned change in the legal relationship of the parties." *Id*. at 603, 605.

*Woods v. Willis*, __ Fed.App'x __, 2015 WL 7717310 (6th Cir. Nov. 30 2015). *See McQueary*, 614 F.3d at 597 (A defendant's voluntary change, even one precipitated by litigation, does not amount to "a court-ordered change in the legal relationship" between the plaintiff and defendant, as required to establish prevailing party status).

Although a settlement agreement between the parties was not at issue in *Buckhannon*, the Supreme Court noted that private settlement agreements do not entail the judicial approval and oversight involved in consent decrees and, thus, are not the equivalent of a judicially approved consent decree which would provide a basis for finding prevailing party status. *Buckhannon*, 532

---

[1] At issue in *Buckhannon* were the fee-shifting provisions of the ADA and the Fair Housing Amendments Act of 1988 ("FHAA").

U.S. at 604 n.7. The position noted in *Buckhannon* that the resolution of claims through a purely private settlement agreement does not confer prevailing party status was explicitly adopted by the Sixth Circuit in *Toms v. Taft*, 338 F.3d 519, 529 (6th Cir. 2003) ("Private settlement agreements do not confer prevailing party status.").

The Court finds that the instant action falls squarely within the scope of *Buckhannon* and *Toms*, and that Plaintiff is not entitled to prevailing party status. Defendant's conduct of modifying or changing parts of the Donelson Plaza to remove alleged barriers was a voluntary act that was not judicially required. Under *Buckhannon*, this change of conduct is not sufficient to render Plaintiff the prevailing party. The fact that some of these modifications and changes were undertaken as part of a private settlement agreement is likewise an insufficient basis upon which to find Plaintiff is the prevailing party. *Toms supra*.

The Court is unpersuaded by Plaintiff's arguments that the instant action is not controlled by *Buckhannon*.[2] Plaintiff has not been awarded any type of relief on the merits, and there has been no judicially ordered or sanctioned change in the legal relationship of the parties in this case.[3] The settlement agreement reached between the parties was a purely private agreement that was fully effective without judicial intervention. The terms of the settlement agreement were not submitted to the Court for approval and were not made a part of any order of the Court or incorporated into the

---

[2] Although *Toms* is controlling authority, Plaintiff does not address *Toms* in his motion.

[3] In this respect, the instant case is distinguishable from *Habich v. City of Dearborn*, 331 F.3d 524 (6th Cir. 2003), a case cited by Plaintiff in support of his motion. In *Habich*, the plaintiff obtained a verbal order from the court that provided her with the injunctive relief she had requested.

stipulation of dismissal.[4] The joint stipulation of dismissal merely noted that "this matter has been resolved" and "the parties are in agreement that this matter be dismissed with prejudice." Indeed, the Court was unaware of the terms of the settlement agreement until it was submitted as an exhibit to Plaintiff's motion for attorney's fees. There is nothing about the parties' joint stipulation of dismissal that bears the indicia of a consent decree or a judicially approved settlement that is substantially similar to a consent decree. Any relief obtained by Plaintiff and any change of conduct on the part of Defendant occurred without the imprint of the Court.

Plaintiff argues that the Court retains jurisdiction over the enforcement of the settlement agreement and over the issue of attorney's fees and that this creates a judicially enforced alteration of the parties' legal relationship. This argument lacks merit. Even assuming that a court's retention of jurisdiction to enforce a private settlement agreement is sufficient to satisfy the test of *Buckhannon*, there is no language in the parties' joint stipulation of dismissal or in any order of the Court whereby the Court expressly retained jurisdiction over enforcement of the settlement agreement in this action.[5] Although the parties could have done so, they did not include such language in their joint stipulation of dismissal or request that such language be included in a subsequent order of dismissal by the Court. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The fact that the parties privately agreed

---

[4] In this respect, the instant case is readily distinguishable from *Doe v. Hogan*, 421 F.Supp.2d 1051 (S.D. Ohio 2006), upon which Plaintiff relies in support of his motion. In *Doe*, the parties' settlement agreement was approved by the court and its terms were incorporated into the court's order of dismissal. *Id*. at 1057.

[5] This is also an aspect that renders *Doe* distinguishable from the instant case. In *Doe*, the parties' included in their joint motion for an order of voluntary dismissal language specifically providing that the court would retain jurisdiction to enforce the terms of the settlement agreement. 421 F.Supp.2d at 1058 n.8.

to enforcement remedies in their settlement agreement does not, as a matter of course, confer upon the Court continued enforcement jurisdiction. The voluntary dismissal of an action pursuant to Rule 41(a)(1) does not entail any determination, oversight or involvement by the court, aside from the perfunctory act of entering judgment to terminate the case. *Bridgeport Music, Inc. v. London Music, U.K.*, 345 F.Supp.2d 836, 839 (M.D. Tenn. 2004), *aff'd*, 226 Fed.App'x 491 (6th Cir. 2007).

Plaintiff is also misguided in arguing that the reservation of the issue of attorney's fees for the Court is somehow a form of judicial involvement altering the parties' legal relationship. The language at issue in the joint stipulation of dismissal is merely an indication by the parties that they did not resolve the issue of attorney's fees as part of their resolution of the lawsuit and were leaving that matter for the Court to resolve; it cannot be bootstrapped into an argument that Plaintiff must be the prevailing party because the reservation of that issue is a material, judicial alteration of the parties' legal relationship. Although this language was included by the parties in their stipulation, the Court would have retained jurisdiction to hear a motion for attorney's fees in the absence of such language because a voluntary dismissal under Rule 41(a) generally does not deprive the court of jurisdiction to consider a request for attorney's fees. *McCuiston v. Hoffa*, 202 Fed.App'x 858, 863 (6th Cir. 2006). Furthermore, the award of prevailing party attorney's fees is not a form of relief, but is an issue collateral to the merits of an action. *Id*. *See White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451-52, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982). Accordingly, the reservation of the issue of attorney's fees does not compel a determination that the Court retained continued enforcement jurisdiction over a settlement agreement, and has no substantive bearing on the ultimate issue of whether Plaintiff is entitled to prevailing party status.

Plaintiff also argues that he is the prevailing party because "significant issues in this litigation were resolved which achieved the clear benefit sought in bringing this action" and "the Court has provided relief on the merits of multiple claims and issues within this action to Plaintiff which facilitated the ultimate settlement agreement." *See* Plaintiff's Reply (Docket Entry No. 79) at 1 and 3. In support, he points to the fact that his motion to strike affirmative defenses from Defendant's answer was partially granted, his motion to enlarge the scope of the Rule 34 inspection of the Donelson Plaza was granted, and he was sucessful in opposing Defendant's motion to dismiss. *Id.* at 3-5. The Court rejects this argument. Contrary to Plaintiff's contention, he was not granted relief on the merits as to any legal claims in this action. To the extent that Plaintiff achieved success on legal issues involved in the litigation by having motions granted in his favor and successfully opposing a motion to dismiss, these litigation "victories" provided him with no relief on the merits of his ADA claims and are simply not sufficient to render him the prevailing party. *See Buckhannon*, 532 U.S. at 605. Finally, Plaintiff's contention that the settlement of the lawsuit and Defendant's voluntary change of conduct would not have occurred but for the effect of the litigation of his lawsuit is essentially a "catalyst theory" of recovery, which is no longer a viable legal theory.

Plaintiff relies upon *Disabled Patriots of Am., Inc. v. Reserve Hotel, Ltd.*, 659 F.Supp.2d 877, 884 (N.D. Ohio 2009), for the proposition that where a settlement agreement requires the defendant to modify the premises in question in order to comply with the requirements of the ADA, the plaintiff is, by definition, the prevailing party. *See* Docket Entry No. 74 at 4 n.19. This case is from another district and is not controlling on this Court. Further, the settlement agreement at issue in *Disabled Patriots* specifically provided that the defendant would pay some amount of fees and costs. Finally, to the extent that *Disabled Patriots* can be read to hold that a settlement agreement requiring

9

a defendant to remedy ADA violations is a sufficient basis to render a plaintiff the prevailing party even in the absence of some type of judicial imprimatur on the settlement agreement, the Court views *Disabled Patriots* as contradictory to the controlling decisions in *Buckhannon* and *Toms*.

Because the Court finds that Plaintiff is not entitled to status as the prevailing party, it is unnecessary for the Court to address the reasonableness of the award sought by Plaintiff.

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that Plaintiff's motion for attorney's fees, costs, and expenses (Docket Entry No. 72) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge